NOT FOR PUBLICATION

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FEB 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN CARLOS CERRITOS DURAN,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1525

Agency No.
A076-352-619

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025**
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

Juan Carlos Cerritos Duran, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals denying his motion to

reopen and terminate his removal proceedings. Cerritos Duran invokes our

jurisdiction under 8 U.S.C. § 1252. We conclude that we lack jurisdiction, and we

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismiss the petition.

Cerritos Duran challenges only the Board's decision not to reopen his proceedings sua sponte. Our jurisdiction to "review . . . the BIA's unfettered discretion to reconsider or reopen on its own motion is limited to instances where the agency misconstrues the parameters of its sua sponte authority based on legal or constitutional error and, as a consequence, does not truly exercise its discretion." *Lona v. Barr*, 958 F.3d 1225, 1237 (9th Cir. 2020); *see Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002). Such error must be "apparent on the face of the BIA's decision"; we will not "speculat[e] whether the BIA *might* have misunderstood some aspect of its discretion." *Lona*, 958 F.3d at 1234.

Here, there is no indication that the Board failed to appreciate its discretion. To the contrary, it considered and correctly rejected Cerritos Duran's argument that the immigration court lacked jurisdiction over his removal proceedings under the intervening Supreme Court decisions in *Pereira v. Sessions*, 585 U.S. 198 (2018), and *Niz-Chavez v. Garland*, 593 U.S. 155 (2021). *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191 (9th Cir. 2022) (en banc). It also considered Cerritos Duran's "personal circumstances[,] including his periods of residence in the United States, his family and community ties, lack of criminal record, and other factors," but it concluded that Cerritos Duran "did not show that this case presents an exceptional situation that would warrant the Board's exercise

of its discretion to reopen sua sponte." Because the Board correctly understood its discretion, we lack jurisdiction to review its decision.

**PETITION DISMISSED.**